**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Gilbreath III, | No. CV-25-00869-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Oday Hishmeh, *et al.*, | |
| Defendants. | |

At issue is Defendants' Motion to Dismiss (Doc. 18, MTD), to which Plaintiff Arthur Gilbreath III filed a Response (Doc. 22, Response) and Defendants filed a Reply (Doc. 26, Reply). For the reasons set forth below, the Court grants Defendants' Motion.

**I.   Background**

Plaintiff's Complaint alleges contractual violations and securities fraud stemming from two investments primarily involving Defendant Oday Hishmeh. In addition to Defendant Hishmeh, Plaintiff brings claims against Loren Power, Joseph Barrow, and Garrett Bogorad ("the MyTown Defendants"), along with their spouses.

Plaintiff asserts that in July 2021 he invested $300,000 in MyTown, an LLC owned and managed by the MyTown Defendants, in exchange for a 20% ownership interest therein and repayment of $600,000. (Doc. 1, Complaint, ¶¶ 1, 22.) Plaintiff received his first and only disbursement on August 9, 2021. (Complaint, ¶ 25.) In addition to MyTown, Plaintiff invested $50,000 in Defendant Hishmeh's Ace Hardware store in September 2022 in exchange for a 5% ownership interest therein. (Complaint ¶ 2.) Plaintiff received

distributions relating to the Ace Hardware investment from April–August 2023. (Complaint ¶ 2.) Plaintiff received 1120-S Schedule K-1 tax forms which reflected his ownership interests in both entities. (Complaint ¶¶ 24, 29.)

Plaintiff has brought seven claims against Defendants. First, against MyTown LLC, Plaintiff claims breach of contract. Second, against the MyTown Defendants and MyTown LLC, and arising from the MyTown investment, Plaintiff claims promissory estoppel, unjust enrichment, and violation of Section 10(b) and Rule 10b-5 of the Exchange Act. Finally, against Oday Hishmeh, Jane Doe Hishmeh, and Hismeh Ace Inc., and arising from the Ace Hardware investment, Plaintiff claims breach of contract, unjust enrichment, and violation of Section 10(b) and Rule 10b-5 of the Exchange Act. At issue are the alleged violations of Section 10(b) and Rule 10b-5 of the Exchange Act relating to both the MyTown and Ace Hardware investments. These claims are enumerated as counts four and seven of the Complaint, respectively.

Plaintiff contends that, at the time of investment, Defendants omitted material facts or otherwise made material misrepresentations and engaged in fraud by (1) failing to disclose a copy of the relevant operating agreements, (2) failing to disclose the material risks associated with Plaintiff's investment, (3) failing to disclose the identity and experience of the persons who would manage the companies Plaintiff was investing in, (4) failing to disclose the structure of, rules governing distributions associated with, and exit options relating to his investment, and (5) providing inaccurate valuations and projections. (Complaint ¶¶ 58, 83.)

Defendants assert an affirmative defense, arguing Plaintiff's claims are time-barred due to the two-year statute of limitations. Additionally, Defendants argue that Plaintiff's claims do not comply with Federal Rule of Civil Procedure 9(b) and 15 U.S.C. § 78u-4(b). Accordingly, Defendants' Motion seeks dismissal of counts four and seven for failure to state any claim upon which relief could be granted.[1]

---

[1] Plaintiff argues that the Motion should be denied because Defendants failed to attach a meet-and-confer certificate thereto. (Response at 2–4.) The Court declines to resolve the instant Motion on a technicality. First, Defendants attached the required certificate to their Reply, (*see* Reply Ex. 1), and Local Rule of Civil Procedure 12.1(c) does

## II. Legal Standards

### A. Dismissal Standard

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

. . .

. . .

---

not prohibit the dilatory filing of a meet-and-confer certificate. Second, and more importantly, it is clear that in this particular case the meet-and-confer process was fruitless. Thus, the tardy filing of the certificate is of no moment. Even upon meeting and conferring, receiving Defendants' Motion, and filing a response thereto, Plaintiff has not identified any possible amendment that could cure the deficiencies identified in the Motion. As the purpose of Local Rule 12.1(c) is to encourage the parties to ascertain whether "the pleading was curable in any part by a permissible amendment," and as no curative amendment appears to be viable here, the Court will not dispose of the instant Motion on grounds of undue formalism.

**B.     Amendment Standard**

A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). Futility can, by itself, justify denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

**III.     Analysis**

**A.     Plaintiff's Time-Barred Claims**

The limitations period for a federal securities claim lasts for two years after the discovery of facts constituting the violation and begins to run "(1) when the plaintiff did in fact discover, or (2) when a reasonably diligent plaintiff would have discovered, 'the facts constituting the violation'—whichever comes first." *Merck & Co. v. Reynolds*, 559 U.S. 633, 637 (2010) (quoting 28 U.S.C. § 1658(b)(1)). Here, it is clear from the face of the Complaint that Plaintiff filed suit after the limitations period had run on most the violations alleged in counts four and seven.

- 4 -

1    Defendants assert that, at the time of investment, Plaintiff should have known
2    Defendants failed to disclose a copy of the relevant operating agreement, the identity and
3    experience of the persons who would manage the companies Plaintiff was investing in, and
4    the structure of, rules governing the distributions associated with, and exit options relating
5    to his investments. Plaintiff contends that accepting this argument would "eviscerate
6    securities fraud claims entirely, as every omission would be immediately discoverable by
7    its very absence." (Response at 7.) To the extent that these claims concern failure to provide
8    basic information about the investment, a reasonably diligent plaintiff would recognize he
9    had not been provided with the information at the time of investment. Plaintiff claims
10   omission, not misrepresentation, and the absence of these details would be immediately
11   apparent to a reasonably diligent investor. The Court disagrees with Plaintiff's assertion
12   that accepting this argument would eviscerate securities fraud claims. As the MyTown
13   investment occurred in July 2021 and the Ace Hardware investment occurred in September
14   2022, the limitations periods ran in July 2023 and September 2024 respectively. Plaintiff
15   filed suit in March 2025. Thus, claims arising out of the above-described acts are
16   foreclosed.

17   Next, Plaintiff contends he was not provided with the material risks associated with
18   his investment. For this allegation, inquiry notice would depend on the specific material
19   risk he was not informed about. As Plaintiff has not provided a specific material risk he
20   was not informed about, the Court assumes Plaintiff is referring to general material risks
21   of investing, and the omission of this information would have been apparent to a reasonably
22   diligent investor at the time of investment. Thus, a claim arising out of this alleged omission
23   is foreclosed.

24   Finally, Plaintiff claims he was provided with inaccurate valuations and projections.
25   This is alleged misrepresentation, not omission, and it is possible that this
26   misrepresentation would not have been immediately apparent at the time of investment.
27   Defendants assert that, because Plaintiff received distributions from both investments, he
28   would have been on inquiry notice when the distributions did not align with the projections.

1  The Court agrees. Accordingly, inquiry notice occurred at the time of the first distribution on each investment. For the MyTown investment, the first and only distribution occurred in August 2021, so the limitations period ran in August 2023. Thus, count four is completely time-barred. For the Ace Hardware investment, the Complaint alleges the first distribution occurred in April 2023. Accordingly, the limitations period ran in April 2025. As the Complaint was filed in March 2025, prior to the lapse of the limitations period, Plaintiff's claim that he was provided inaccurate valuations and projections for the Ace Hardware investment is not time-barred.

### B.   Rule 9(b) and 15 U.S.C. § 78u-4(b)

Rule 9(b) and 15 U.S.C. § 78u-4(b) set higher pleading standards for claims of securities fraud. Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." And pursuant to § 78u-4(b)(1), a plaintiff "shall specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." Additionally, a plaintiff "shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). These requirements prevent frivolous and unfounded complaints from being filed and protect defendants' abilities to make particularized responses.

Here, the only claim that is not time-barred is Plaintiff's claim that he was provided inaccurate valuations and projections for the Ace Hardware investment. Plaintiff does not even attempt to describe what these valuations and projections consisted of or in what manner they were inaccurate. (*See* Complaint ¶ 83(e).) Plaintiff's conclusory statement fails to meet Rule 8's standard as defined in *Twombly* and *Iqbal* because Plaintiff fails to allege a factual basis to support his claim. Because Plaintiff fails to meet Rule 8's standard, he *a fortiori* fails to satisfy the heightened standards of Rule 9(b) and § 78u-4(b). The remaining claim in count seven is therefore dismissed.

. . .

. . .

**C.     Amendment**

Plaintiff requests leave to amend his Complaint. (Response at 10–11.) In making that request, Plaintiff does not even attempt to explain what additional facts he would or could plead to substantiate his barebones assertions that certain unspecified valuations and projections were inaccurate. Notably, Plaintiff utilized only eleven substantive pages in his Response, despite being afforded seventeen such pages. *See* LRCiv 7.2(e)(1). As Plaintiff's allegations of securities misrepresentations are woefully inadequate, and not merely borderline, and as Plaintiff has given the Court no indication that he is capable of remedying the insufficiency of his pleading on this subject, the Court concludes that leave to amend would be futile. Therefore, in light of the fact that Defendants oppose the request to amend and have already answered the Complaint, (*see* Doc. 17), the Court denies leave to amend.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss (Doc. 18). Counts four and seven of the Complaint (Doc. 1) are dismissed.

Dated this 18th day of July, 2025.

Honorable John J. Tuchi
United States District Judge